UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 19-39-DLB-CJS

MICHAEL DEWAYNE PADGETT                                                    PETITIONER

## REPORT AND RECOMMENDATION

**DeEDRA HART, Warden**
**Kentucky State Penitentiary**                                          RESPONDENT

* * * * * * * * * *

Michael Dewayne Padgett, proceeding *pro se*, brings three grounds for habeas relief under 28 U.S.C. § 2254.  (R. 1; R. 11).  Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b).  *See also* Rule 10 of the Rules Governing § 2254 Cases ("A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636.").  After conducting a preliminary review of the § 2254 petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court" because Padgett's three grounds for relief are procedurally defaulted.  Accordingly, it will be recommended that his § 2254 petition be **dismissed**.[1]  Respondent also moves to dismiss the case, arguing that Padgett is not "in custody."  (R. 13, Page ID 58).

---

[1]  This Report and Recommendation provides Padgett notice that his petition appears to be procedurally defaulted and that the objection period, explained at the end of this Report and Recommendation, gives him the opportunity to present his position on the issue.  *See Day v. McDonough*, 547 U.S. 198, 210 (2006).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Padgett was charged with Kentucky offenses that gave rise to four criminal cases against him in Johnson County Circuit Court:  17-CR-119; 17-CR-120; 17-CR-202; and 17-CR-203.[2]  Padgett pled guilty in all four cases and judgments were entered for all on July 10, 2018; he received a total sentence of ten years in prison.  Thus, it appears that he reached a global plea deal to resolve all of the cases.

In Padgett's § 2254 petition,[3] when asked to "[i]dentify all crimes of which you were convicted and sentenced in this case," Padgett lists the following crimes, each of which appears in one of his four cases:  criminal possession of a forged instrument (17-CR-119); assault in the third degree (17-CR-120); bail jumping in the first degree (17-CR-202); and bail jumping in the first degree (17-CR-203).  (*See* R. 11, Page ID 40).  However, he only references his 17-CR-119 case number throughout his § 2254 petition (*id.*) and requests relief as to only that case.  (*See id.* at 55 (requesting the Court to "[v]acate or set aside conviction and/or sentence in Johnson Circuit Court 17-CR-00119")).  Accordingly, his § 2254 petition will be construed to challenge only 17-CR-119.[4]  In that case, Padgett filed a state post-conviction motion under Kentucky Rule of Criminal Procedure (RCr) 11.42, which the state trial court denied on March 1, 2019.  He admits that he did not appeal the denial.  (R. 11, Page ID 44).

---

[2] Some of the information in this section comes from the state court dockets in Padgett's underlying criminal cases, which were obtained using CourtNet 2.0.  *See Johnson v. Michigan*, No. 2:16-CV-13215, 2016 WL 5791453, at *1 n.1 (E.D. Mich. Oct. 4, 2016) (taking judicial notice of information from another court's website in § 2254 case).

[3] Padgett was permitted to amend his petition as noted by this Court in a prior order, which order also consolidated this case with 7:19-cv-37-DLB-CJS.  (R. 8).

[4] "An inmate . . . may challenge multiple judgments from the same court in a single [§ 2254] petition, but he is not required to do so."  *In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019).

Another state criminal conviction, although not challenged here, is relevant to understanding the grounds raised in Padgett's § 2254 petition. Padgett was convicted of assault in the third degree and for being a first-degree persistent felony offender in Daviess County Circuit Court in 14-CR-306. However, the Kentucky Court of Appeals vacated this conviction for a double jeopardy violation. *Padgett v. Commonwealth of Kentucky*, No. 2015-CA-00737-MR, slip op. at 1 (Ky. Ct. App. July 28, 2017). And the Kentucky Supreme Court affirmed. *Commonwealth v. Padgett*, 563 S.W.3d 639 (Ky. 2018). Padgett states that the charges from his 17-CR-119 case arose while he was imprisoned on 14-CR-306. (R. 11, Page ID 44).

In his § 2254 petition, Padgett raises the following grounds: (1) violation of the constitutional prohibition against cruel and unusual punishment because "the allegations in Johnson County" in 17-CR-119 would never have arisen had he "not been unlawfully imprisoned" in 14-CR-306; (2) violation of his due process rights and right to effective assistance of counsel when his trial counsel allegedly failed to provide him with discovery; and (3) unlawful imprisonment when, "had [he] not been unlawfully imprisoned in this case [14-CR-306] then [he] would never have been incarcerated, therefore the case at bar [17-CR-119] would never have occurred." (*Id.* at 44-48).

Respondent moves to dismiss the case, arguing that Padgett is not "in custody" as required by § 2254(a). (R. 13). However, the motion's contents reveal that it was mistakenly filed in this case, as it references a separate § 2254 petition that Padgett filed in the Western District of Kentucky, challenging his conviction in 14-CR-306. (*Id.* at 61). (*See Padgett v. Hart*, No. 4:19-cv-181-JMH-HBB (R. 1 – § 2254 Petition; R. 10 – Motion to Dismiss for failure to meet "in custody" requirement)). Accordingly, the Court continues with its preliminary review and recommends that Respondent's motion be denied as moot.

4

## II.    ANALYSIS

### A.    Legal Standard

Padgett's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which allows courts to grant habeas relief only when a state court's adjudication of the claim:

> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).  The petitioner carries the burden of proof.  *Id.*

### B.    Padgett's § 2254 Petition is Procedurally Defaulted

A federal court cannot grant habeas relief if there is still a potential state remedy for the state courts to consider.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(b)(1)).  To be deemed properly exhausted, therefore, each claim must have been fairly presented to the state courts.  *See id.* at 845 ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *see also Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009) ("Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim.").  The exhaustion requirement "affords state courts an opportunity to consider and correct any violation of federal law, thus expressing respect for our dual judicial system while also furnishing a complete record of a petitioner's federal claim as litigated in the state court, including the state court of last resort."  *Hafley v. Sowders*, 902 F.2d

5

480, 482 (6th Cir. 1990). When a petitioner has failed to exhaust his claims in state court and no

state remedy remains, his claims are considered procedurally defaulted and are barred from habeas

review. *See Woolbright v. Crews*, 791 F.3d 629, 631 (6th Cir. 2015).

Here, Padgett states that he raised his three habeas grounds before the state court in an RCr

11.42 motion. (R. 11, Page ID 44-49). However, he admits that he did not appeal the denial of

his RCr 11.42 motion to the Kentucky Court of Appeals. Accordingly, this failure means that he

did not exhaust his claim through Kentucky's established appellate review process. *See Denney*

*v. Taylor*, No. 6:13-cv-98-GFVT, 2015 WL 2154889, at *12 (E.D. Ky. May 7, 2015) ("[A] claim

is deemed exhausted if the petitioner has been denied relief by the Kentucky Court of Appeals.").

Further, no state remedy remains because Padgett's time to file an appeal has long passed,

*see* RCr 12.04(3), and he would not be permitted to bring issues in a later post-conviction motion

that could have been fully litigated by undertaking an appeal of his RCr 11.42 issues to the

Kentucky Court of Appeals, *see generally McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky.

1997). Accordingly, because no state remedy remains, he has "technically exhausted, yet

procedurally defaulted" his three habeas grounds. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir.

2015).

### C. Padgett has failed to show cause and prejudice for his procedural default or establish actual innocence.

Procedural default can be excused if a petitioner can establish cause and prejudice for a

failure to exhaust his claims in state courts or if he can show actual innocence. *See Sawyer v.*

*Whitley*, 505 U.S. 333, 338-39 (1992). Padgett asserts that he did not appeal his RCr 11.42 denial

because he does not "know how to appeal, and [his] time to appeal had expired." However, such

"ignorance of the law and procedural requirements for filing a timely notice of appeal is

insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494,

498 (6th Cir. 2004). This is because cause must be based on something "external to the defense." *Id.* (citation omitted). Nor does his argument establish actual innocence, which requires a petitioner to establish his "factual innocence" of the underlying crimes, "not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitely*, 505 U.S. 333, 339 (1992)).

## III.    CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Padgett's § 2254 petition or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it

will be recommended that a certificate of appealability be denied upon the District Judge's entry of final order in this matter.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

1)    Padgett's § 2254 petition (R. 1; R. 11) **be dismissed**;

2)    a certificate of appealability **be denied** in conjunction with the Court's entry of its final order in this matter;

3)    Judgment in favor of the Respondent **be entered** contemporaneously with the District Court's entry of its final order;

4)    Respondent's motion to dismiss (R. 13) **be denied as moot**; and

5)    this case **be stricken** from the active docket of this Court.

The Court directs Padgett to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings for the United States District Courts, Rule 8(b). Within fourteen (14) days after being served with a copy of this Report and Recommendation, Padgett may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 31st day of March, 2020.



Signed By:

**_Candace J. Smith_**

**United States Magistrate Judge**

J:\DATA\habeas petitions\2254 procedural default\19-39-DLB Padgett R&R final.docx

9